**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2655-18T2

RDPD, LLC,

     Plaintiff-Appellant,

and

PAUL DZIALO,

     Plaintiff,

v.

DAVID MERMELSTEIN,
BEACHVIEW BUILDING
CORPORATION t/a OLD
WATERWAY INN, NEW
WATERWAY BAR AND
GRILL, LLC, WILLIAMS
REAL ESTATE VENTURES,
LLC, SOLOMON MERMELSTEIN,
and ACTIVE REALTY COMPANY
PROFIT SHARING PLAN,

     Defendants-Respondents,

and

SEYMORE RUBIN, KNIGHTS
ABSTRACT, INC., TRIDENT LAND

TRANSFER COMPANY (NJ) LLC,
and SIMPLIFILE, LLC,

     Defendants.

---

Argued telephonically May 12, 2020 –
Decided June 30, 2020

Before Judges Hoffman, Currier and Firko.

On appeal from the Superior Court of New Jersey,
Chancery Division, Atlantic County, Docket No. C-
000027-18.

Jennifer B. Barr argued the cause for appellant (Cooper
Levenson, PA, attorneys; Mark G. Schwartz and
Jennifer B. Barr, on the briefs).

Adam E. Gersh argued the cause for respondents David
Mermelstein, Beachview Building Corporation t/a Old
Waterway Inn, New Waterway Bar and Grill, LLC,
Solomon Mermelstein, and Active Realty Company
Profit Sharing Plan (Flaster/Greenberg PC, attorneys;
Adam E. Gersh and Jeremy S. Cole, on the brief).

Stephen McNally argued the cause for respondent
Williams Real Estate Ventures, LLC (Chiumento
McNally, LLC, attorneys; Stephen McNally and Paige
M. Bellino, on the brief).

PER CURIAM

In 2018, the Chancery court granted plaintiff's[1] counsel's motion to be relieved of counsel. As an LLC, plaintiff was required to be represented by counsel. R. 1:21-1(c). When plaintiff failed to retain new counsel, the Chancery court granted defendants' motions for a dismissal of the complaint with prejudice. Plaintiff appeals from those orders. Because we conclude the court erred in dismissing the complaint with prejudice, we reverse.

This dispute concerns the ownership of property in Atlantic City. In March 2018, plaintiff filed a verified complaint and order to show cause, essentially asserting a fraudulent conveyance of the property and seeking a declaratory judgment to establish ownership. Plaintiff also filed a lis pendens.

Defendant Williams Real Estate Ventures, LLC (WREV) moved to dismiss the complaint for failure to state a claim under Rule 4:6-2 and to strike the lis pendens. In July 2018, the court denied the dismissal motion but granted the motion to strike the lis pendens. A case management order established a timeline for discovery, a date for filing dispositive motions and a trial date in March 2019.

---

[1] We refer to RDPD, LLC as plaintiff. Plaintiff's members were Richard Donato and Paul Dzialo. Dzialo passed away shortly after the entry of the challenged orders. Dzialo has not appealed from the entry of the order dismissing his individual claims. We refer to him by name.

A-2655-18T2

In September 2018, plaintiff's counsel moved to be relieved. Counsel described the work he had completed but stated plaintiff's representatives were uncooperative and continued representation would be a financial burden. The court granted the motion on October 12, 2018 and ordered plaintiff to retain new counsel within fourteen days.

In a November 1, 2018 letter, Donato requested the court grant plaintiff additional time to retain counsel. On November 8, 2018, the court entered a case management order with the following provisions: plaintiff must retain counsel by December 5, 2018; if plaintiff did not have new counsel by that date, defendants could move to dismiss the complaint; an in-person case management conference was scheduled for December 18, 2018; and all discovery deadlines provided in the July 20, 2018 order were stayed.

On December 10, 2018, WREV filed a motion to dismiss the complaint against plaintiff with prejudice for its failure to retain counsel and against Dzialo, asserting he lacked standing to assert any individual claims. On December 14, the Mermelstein defendants[2] filed a motion to dismiss, asserting the same arguments.

---

[2] This group of defendants includes David Mermelstein, Beachview Building Corporation t/a Old Waterway Inn, New Waterway Bar and Grill, LLC, Solomon Mermelstein and Active Realty Company Profit Sharing Plan.

Donato and Dzialo did not appear at the December 18, 2018 case management conference. On December 21, 2018, the court entered a third case management order with the following provisions: the motions to dismiss were scheduled for January 11, 2019; the stay of discovery and discovery deadlines was lifted; and defendant Seymour Rubin was permitted to join the filed motions to dismiss or file a motion on short notice also returnable on January 11, 2019. Opposition to the motions was due by January 4, 2019.

On January 9, 2019, Donato again wrote to the court, explaining why new counsel had not been retained, requesting more time to retain counsel, and requesting the court adjourn the pending motions. Donato stated his prior counsel had never turned over plaintiff's file or any materials produced by defendants during discovery. He advised he had met with or spoken to sixteen attorneys without success because the attorneys or firms had conflicts with defendants' lawyers or defendants themselves. Donato stated he now realized he would have to seek counsel outside of the Atlantic County area and intended to contact attorneys in Cherry Hill. He also cited to health issues and the holidays as contributing to the delay in obtaining counsel.

After receiving Donato's letter, the court scheduled oral argument on the dismissal motions for January 11, 2019. On that date, Donato, Dzialo, and

5

counsel for defendants appeared for argument. The judge advised he would permit Donato and Dzialo to speak on behalf of RDPD. Donato reiterated the difficulties he had experienced in procuring an attorney, listed a number of attorneys he had contacted, and requested an additional sixty days to obtain counsel. Defendants objected to any adjournment of the motions and requested the court dismiss the complaint with prejudice.

The court denied the adjournment request, finding defendants would be "extremely prejudiced" if their motions were further delayed. In considering the motions to dismiss, the judge stated he had granted plaintiff more than three months to obtain new counsel. He did not find it likely that plaintiff would be able to retain counsel. He also determined plaintiff had not shown good cause for any further extension of time "or any legitimate reason for not retaining counsel . . . ." Therefore, the court granted the motions and dismissed the complaint with prejudice.

During the oral ruling, the court made findings of fact regarding substantive issues in the case. He determined ownership of the property and resolved disputed facts regarding its transfer.

On appeal, represented by counsel, plaintiff contends the Chancery court erred in denying its request for further time to obtain counsel and in dismissing

the complaint with prejudice.  If remanded, plaintiff requests the matter be assigned to a different judge because of the Chancery court's findings of fact on substantive issues.[3]

"The granting of an adjournment is discretionary with the trial court; [we] may reverse a denial . . . only if the judicial action was 'clearly unreasonable in the light of the accompanying and surrounding circumstances' and 'resulted prejudicially to the rights of the party complaining.'"  Stott v. Greengos, 95 N.J. Super. 96, 100 (App. Div. 1967) (quoting Smith v. Smith, 17 N.J. Super. 128, 129, 133 (App. Div. 1951)).

We discern no error in the court's determination to deny an adjournment of the motions to dismiss or the ruling to dismiss the complaint.  As of October 2018, Donato and Dzialo were aware of the need to obtain counsel for the LLC.  The judge allowed ample time – over three months – for plaintiff to retain an attorney.  When plaintiff failed to comply with the court's final deadline, a dismissal was the appropriate remedy.

However, we disagree with the order dismissing the complaint with prejudice.  As our Court has stated, "[b]ecause of the severity of the sanction,"

---

[3] Plaintiff also refiled a lis pendens against the property in March 2019, pending the disposition of the appeal.

A-2655-18T2

dismissing a complaint with prejudice "should be used only sparingly." Zaccardi v. Becker, 88 N.J. 245, 253 (1982); see Robertet Flavors, Inc. v. Tri-Form Constr., Inc., 203 N.J. 252, 274 (2010) (citations omitted).

Here, the court concluded that plaintiff would never retain counsel. However, Donato and Dzialo both described their efforts in obtaining representation, listed attorneys and firms they had contacted, and explained the difficulties in great part due to the number of attorneys and firms involved in the litigation on behalf of defendants. Moreover, plaintiff retained counsel for the appeal.

We therefore vacate the January 11 and January 15, 2019 orders as to plaintiff and remand to the trial court for orders dismissing the complaint without prejudice. We also instruct the court to add the following language: "Plaintiff must file a substitution of attorney within forty-five days of the date of this order. If plaintiff fails to do so, the order shall convert to a dismissal of the complaint with prejudice."

Because the Chancery judge made findings of material disputed facts, on remand, the matter should be assigned to a different judge, in order to "preserve the appearance of a fair and unprejudiced hearing." Pressler & Verniero, Current N.J. Court Rules, cmt. 4 on R. 1:12-1 (2020); see In re Baby M, 109 N.J. 396,

A-2655-18T2

463 n.19 (1988) (citations omitted) (holding that the trial judge's weighing of the evidence and potential commitment to findings required re-assignment on remand to another judge). Any applications concerning the lis pendens should be made before the trial court.

Reversed, vacated, and remanded for the entry of an order consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2655-18T2